## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHRISTOPHER PIERCE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-997-F** |
| | ) | |
| **RAY ROBERTS, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner appears pro se and brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and the undersigned recommends summary dismissal of this action.

On the undersigned's initial review of the instant petition, it is apparent that Petitioner has failed to allege any basis upon which this habeas action may be brought in the Western District of Oklahoma. Under 28 U.S.C. §2241(d),

> where an application for a writ of habeas corpus is made ... [in] a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

According to the petition, Petitioner is currently incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas. The form §2254 petition purports to challenge a conviction entered July 28, 1993, pursuant to Petitioner's plea of guilty in Case No. 93CR1197-R, in the Wyandotte County District Court, Kansas City, Kansas, which is

located within the territorial jurisdiction of the United States District Court of Kansas. 28 U.S.C. §96 ("Kansas constitutes one judicial district."). Thus, Petitioner is neither in custody in the Western District of Oklahoma nor is he challenging a conviction or sentence imposed in this district. Accordingly, under 28 U.S.C. 2241(d), venue does not exist in the Western District of Oklahoma. Under 28 U.S.C. §1406(a), the Court can either dismiss the action or "if it be in the interests of justice" transfer to the appropriate court. For the following reasons, the undersigned recommends that the action be dismissed rather than transferred to the above court.

The basis of Petitioner's claim for habeas release is not altogether clear, but he appears to assert that he is innocent of the crime for which he was convicted because he "was incarcerated in Douglas County - Omaha at the time this alleged Kansas City Kansas crime." Petition at 6. He contends that he has "sent evidence of my innocence to the Wyandotte County - authorities which Judge Sieve hasn't issued a order for my release he hasn't resolved the statutory claim on the evidence of my innocence." *Id.*

To the extent Petitioner seeks to challenge the validity of his Kansas conviction or sentence, pursuant to 28 U.S.C. §2254, venue would be proper in the United States District Court of Kansas.[1] Although this Court is authorized to transfer such action to the District Court of Kansas, the undersigned finds that it is not in the interests of justice to do so, as a challenge to Petitioner's 1993 Kansas conviction in Case No. 93CR1197-R appears to be untimely under 28 U.S.C. §2244(d)(1). Moreover, Petitioner has not paid

---

[1]The history of Petitioner's many prior filings in this Court and in the federal courts in Kansas is set forth in the Report and Recommendation by U.S. Magistrate Judge Robert Bacharach in *Pierce v. Roberts*, Case No. CIV-95-670-F at n.2. However, given the history of Petitioner's prior filings, there is no reason to believe an action in Kansas would result in habeas relief for Petitioner.

the filing fee, and the action has been pending here only since August 29, 2005.  Under these circumstances, the undersigned recommends summary dismissal of the action without prejudice to refiling as a habeas corpus action pursuant to 28 U.S.C. §2254 in the District of Kansas.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed.  Petitioner is advised of his right to object to this Report and Recommendation by  the 29th day of September, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 9th day of September, 2005..

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE